# Cravey *v.* The State.

### *Violating Prohibition Law.*

(Decided February 3rd, 1914. 64 South. 756.)

*Intoxicating Liquors; Selling, Etc.; Evidence.*—In the absence of evidence that the defendant was connected with, or had control of, a building situated across the street from his place of business, it was improper to overrule a motion to exclude evidence of the fact that the sheriff found some beer in such building; and the defendant was entitled to have the jury instructed that they could not consider such testimony unless they believed from the evidence that the defendant had some connection with or control over such old building.

APPEAL from Covington Circuit Court.

Heard before Hon. A. H. ALSTON.

[Cravey v. The State.]

Will Cravey was convicted of violating the prohibition laws and he appeals. Reversed and remanded.

BALDWIN & MURPHY, for appellant. The state having failed to connect the defendant with the beer, and having failed to show that the defendant had any connection with or control over the building in which it was found, the court erred in permitting the sheriff to testify that he found beer there, and in what quantities. *Patterson v. The State,* 62 South. 1023.

ROBERT C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The matters complained of were properly submitted to the jury for their determination, and no error was committed in the admission of evidence or refusal of charges requested.

WALKER, P. J.—The court was in error in admitting, over the defendant's objections, evidence as to the finding by the sheriff of some beer in an old building situated across the street from the defendant's place of business, and with which and the contents of it the defendant was not shown to have had any connection in any way, the uncontroverted evidence in the case showing the absence of any such connection. There was no evidence connecting the defendant with the placing or keeping of the beer found in that place. The mere fact of its being kept there could have no legitimate tendency to prove anything for or against the defendant.

Reversed and remanded.