# Grider *v.* The State.

## *Violating Prohibition Law.*

(Decided February 3rd, 1914. 64 South. 756.)

*Intoxicating Liquors; Selling, Etc., Evidence.*—In the absence of evidence that the defendant was connected with, or had control of, a building situated across the street from his place of business, it was improper to overrule a motion to exclude evidence of the fact that the sheriff found some beer in such building; and the defendant was entitled to have the jury instructed that they could not consider such testimony unless they believed from the evidence that the defendant had some connection with or control over such old building.

APPEAL ·from Covington Circuit Court.

Heard before Hon. A. H. ALSTON.

John D. Grider was convicted of violating the prohibition laws and he appeals. Reversed and remanded.

BALDWIN & MURPHY, for appellant. The state having failed to connect the defendant with the beer, and having failed to show that the defendant had any connection with or .control over the building in which it was found, the court erred in permitting the sheriff to testify that he found beer there, and in what quantities. *Patterson v. The State,* 62 South. 1023.

ROBERT C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The matters complained of were properly submitted to the jury for their determination, and no error was committed in the admission of evidence or refusal of charges requested.

PELHAM, J.—The court was in error admitting evidence of beer having been found in a building with

[Gustin v. The State.]

which the defendant was not shown to have had any connection, and in refusing to instruct the jury at the written request of the defendant that it could not consider this testimony if they believed the defendant had no connection with the said building in which the beer was found. See the case of *Will Cravey v. State, infra,* 64 South. 756, decided by this court at the present term. For the errors pointed out, the judgment of the lower court must be reversed.

Reversed and remanded.